UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Troy Marchwicz

    v.                                    Civil No. 11-cv-109-SM

James O'Mara et al.

## REPORT AND RECOMMENDATION

Troy Marchwicz has filed a complaint (doc. no. 1) alleging that he received inadequate medical care at the Hillsborough County Department of Corrections, in violation of his Fourteenth Amendment rights. The matter is before the court for preliminary review to determine whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons explained herein, the court recommends dismissal of the complaint in its entirety.

### Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff or petitioner commences an action pro se, the magistrate judge conducts a preliminary review. The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter

jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See id. (citing 28 U.S.C. § 1915A & Fed. R. Civ. P. 12(b)(1)). In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations

omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id.  The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits."  Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses

3

on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

### Background

Troy Marchwicz asserts that during his stay at the Hillsborough County Department of Corrections, pursuant to his pretrial detention, he made several requests for medical care for ingrown toenails. Marchwicz states that his requests for medical care went unanswered for months. When the requests were eventually responded to, Marchwicz states that he was placed on an antibiotic. It does not appear that the antibiotic resolved the problem, as Marchwicz reports that his toes were still "pussing and oozing very bad."

Marchwicz saw a doctor at the jail who "decided to rip both the nails off." Marchwicz states that, after that procedure, he could hardly walk or shower due to his pain, but that he was not given anything to treat pain. Marchwicz states that at the time his complaint was filed his toenails were again starting to grow under the skin.

### Discussion

I.  42 U.S.C. § 1983

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional

4

or statutory law.  See 42 U.S.C. § 1983; City of Okla. City v. Tuttle, 471 U.S. 808, 829 (1985); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ..

In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Here, plaintiff claims that state actors violated his federal constitutional rights.  As such, plaintiff's claims arise under § 1983.

II.  Medical Care

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993); Giroux v. Somerset Cnty., 178 F.3d 28, 31 (1st Cir. 1999).  The Eighth Amendment protects convicted prison inmates from prison officials acting with deliberate indifference to their serious medical needs.  See Farmer v. Brennan, 511 U.S.

5

825, 831 (1994).  The Fourteenth Amendment, which protects the conditions of confinement for pretrial detainees, is at least as protective of a detainee's right to medical and mental health care as the Eighth Amendment.  See Surprenant, 424 F.3d 5, 18 (1st Cir. 2005) (parameters of the liberty interest at stake in the Fourteenth Amendment claim of a detainee "are coextensive with those of the Eighth Amendment's prohibition against cruel and unusual punishment"); DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991); United States v. Ayala López, 327 F. Supp. 2d 138, 144 (D.P.R. 2004) (citing, inter alia, Fischer v. Winter, 564 F. Supp. 281, 298 (N.D. Cal. 1983) ("Since sentenced inmates may be held under conditions that are punitive, while pretrial inmates may not be, the courts have said that the Due Process Clause affords greater protection to unsentenced inmates than the Eighth Amendment affords to the convicted.")).

"The failure of correctional officials to provide inmates with adequate medical care may offend the Eighth Amendment if their 'acts or omissions [are] sufficiently harmful to evidence deliberate indifference to serious medical needs.'"  Leavitt v Corr. Med. Servs., Inc., 645 F.3d 484, 497, (1st Cir. 2011). The Supreme Court has adopted a two-part test for reviewing medical care claims under the Eighth Amendment.  See Farmer, 511 U.S. at 834.

A court must first determine if the prisoner has alleged facts sufficient to show that he has not been provided with adequate care for a "serious medical need." A serious medical need is one that involves a substantial risk of serious harm to the prisoner if it is not adequately treated. See Gaudreault v. Mun'y of Salem, 923 F.2d 203, 208 (1st Cir. 1990) (defining serious medical need as one "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"); Barrett v. Coplan, 292 F. Supp. 2d 281, 285 (D.N.H. 2003).

Second, the court must determine if the complaint contains sufficient allegations to show deliberate indifference. Gaudreault, 923 F.2d at 208. To be found deliberately indifferent to an inmate's serious medical need, a prison official must both be actually aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also actually draw the inference. See Farmer, 511 U.S. at 837. Deliberate indifference "may be shown by the denial of needed care as punishment and by decisions about medical care made recklessly with 'actual knowledge of impending harm, easily preventable.'" Ruiz-Rosa, 485 F.3d 150, 156 (1st Cir. 2007) (citation omitted). The First Circuit has recently noted that:

7

> The Eighth Amendment standard is in part one of subjective intent. The phrasing [of the standard] itself implies at least a callous attitude, but subjective intent is often inferred from behavior and even in the Eighth Amendment context . . . a deliberate intent to harm is not required. Rather, it is enough for the prisoner to show a wanton disregard sufficiently evidenced by denial, delay, or interference with prescribed health care.

Battista v. Clarke, 645 F.3d 449, 453 (1st Cir. 2011) (internal quotation marks and citations omitted); see also Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993) (deliberate indifference may be found in "wanton" decisions to deny or delay care, where the action is reckless, "not in the tort law sense but in the appreciably stricter criminal-law sense, requiring actual knowledge of impending harm, easily preventable"). "'Inadvertent failures to provide medical care, even if negligent, do not sink to the level of deliberate indifference.'" Braga v. Hodgson, 605 F.3d 58, 61 (1st Cir. 2010) (quoting DesRosiers, 949 F.2d at 19); see also Leavitt, 645 F.3d at 498 ("carelessness or inadvertence falls short of the Eighth Amendment standard of deliberate indifference").

A. Serious Medical Need

Courts have found that ingrown toenails, even those that become infected, do not constitute a "serious medical need" sufficient to invoke the protections of the constitution. See Patterson v. Kim, No. 1:08-CV-873, 2009 WL 2982753, *8 (W.D.

8

Mich. Sept. 14, 2009) (collecting cases); Boardley v. First Corr. Med., No. 03-343, 2004 WL 2980727, *2 (D. Del. Dec. 21, 2004) (plaintiff's assertions regarding delay in treating ingrown toenails fails to state § 1983 claim because there was no serious medical need). In fact, the court is unable to find a single case in which an ingrown toenail was deemed by a federal court to constitute a "serious medical need" in a § 1983 action asserting inadequate medical care.

Marchwicz also states that he experienced pain, after his toenails were removed, that made it difficult for him to walk or shower. Marchwicz has not, however, alleged facts sufficient to indicate that his untreated pain was so severe, debilitating, or protracted that it could be considered to be a "serious medical need" of constitutional proportions. See Boardley, 2004 WL 298-727 at *2 (plaintiff's allegation that delay in treating ingrown toenails hindered his mobility fails to state § 1983 claim because no serious medical need alleged).

Marchwicz's assertion that his toenails were beginning to grow under his skin at the time he filed this action fails to state any actionable claim. Marchwicz has failed to allege sufficient facts to assert a serious medical need exists as a result of the regrown toenails, or that jail officials will not treat him appropriately should the need arise.

B.  <u>Deliberate Indifference</u>

Even if Marchwicz had stated a serious medical need, however, he has failed to allege facts to demonstrate that any individual at the jail was aware of that need and denied or delayed care in a manner that was deliberately indifferent thereto.  While failing to respond quickly to an inmate with an uncomfortable medical condition might suggest a lack of compassion, it does not, without more, amount to a constitutional violation.

Marchwicz was first prescribed an antibiotic, and when that treatment failed to work, the jail physician treated Marchwicz's toenails by removing them.  Medication and surgery, it appears, resolved Marchwicz's medical problem, albeit not without discomfort to Marchwicz.  There is nothing in the complaint that allows the court to find that the care Marchwicz received was not medically appropriate, or that anyone at the jail intended to cause Marchwicz pain, or wantonly disregarded a serious risk of pain to Marchwicz.  Because Marchwicz fails to allege a serious medical need, or inadequate medical treatment for a serious medical need, his claim should be dismissed.

**Conclusion**

For the foregoing reasons, the court recommends dismissal of this action in its entirety.  Any objections to this Report

and Recommendation must be filed within fourteen (14) days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

                                                _____
                                                Landya B. McCafferty
                                                United States Magistrate Judge

Date:  October 25, 2011

cc:  Troy Marchwicz, pro se

LBM:jba